UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSHUA COOPER and KENDALL RICHBURG,

          Plaintiffs,

-against-

THE CITY OF NEW YORK, DETECTIVE RAUL MAISONET, Shield # 09285, UC# CO209, Shield # 0209, UC# CO217, Shield # 0217, POLICE OFFICER JAVIER MUNOZ, Shield # 10519, POLICE OFFICER KYLE STANLEY, Shield # 3809, LIEUTENANT TERRENCE CREIGHTON, #921241

          Defendants.

------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND DISCONTINUANCE**

11 CV 2554 (NGG)(RLM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 2 2 2012 ★

BROOKLYN OFFICE

------------------------------------------------------------X

KENDALL RICHBURG and JOSHUA COOPER,

          Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER LYNCH, DETECTIVE RAUL MAISONET, Shield # 09285, UC# CO209, Shield # 0209, UC# CO217, Shield # 0217, POLICE OFFICER JAVIER MUNOZ, Shield # 10519, POLICE OFFICER KYLE STANLEY, Shield # 3809, LIEUTENANT TERRENCE CREIGHTON, #921241

          Defendants.

11 CV 2556 (RRM)(RLM)

------------------------------------------------------------X

  **WHEREAS,** plaintiffs commenced these actions by filing two separate Complaints on or about May 26, 2011 (hereinafter referred to collectively as the "Complaint"), alleging that defendants violated their federal civil and state common law rights; and

**WHEREAS,** defendant City have denied any and all liability arising out of plaintiffs' allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in both of these litigations, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiffs have authorized counsel to settle these matters on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced actions are hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant The City of New York agrees to pay plaintiff JOSHUA COOPER the sum of SEVENTEEN THOUSAND FIVE HUNDRED DOLLARS ($17,500.00), in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. Defendant The City of New York agrees to pay plaintiff KENDALL RICHBURG the sum of TWENTY-ONE THOUSAND FIVE HUNDRED DOLLARS ($21,500.00), in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiffs agree to dismissal of all of the claims brought against defendants, and to release and discharge all defendants, and any present or former employees and agents of the City of New York, or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees, with the exception of the claims alleged by plaintiff KENDALL RICHBURG in the civil actions <u>Demecka Harris, et al v. City of New York, et al.</u>, 09 CV 03474 (KAM)(CLP); <u>Kendall Richburg v. City of New York, et al.</u>, Docket No. 28525-2008; and claims arising out of the incident that allegedly occurred on March 28, 2012 that are related to NYC Claim No. 2012PI012216.

3. Plaintiffs shall execute and deliver to defendant City's attorney all documents necessary to effect this settlement including, without limitation, a General Release based on the terms of paragraphs "2" and "3" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of

this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

6. Plaintiffs agree to hold harmless defendants, regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with these matters. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement checks, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

ANTHONY C. OFODILE
*Attorney for Plaintiffs*

By: _____
Anthony C. Ofodile, Esq.
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300
acofodile@aol.com

Dated: New York, New York
           _____, 2012

SO ORDERED:

_____
HON. NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for defendant The City of New York*

By: _____
Jenny Weng
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm. 3-173
New York, New York 10007
(212) 788-1277
jweng@law.nyc.gov

Dated: New York, New York
           June 27, 2012

SO ORDERED:

s/Roslynn R. Mauskopf
_____
HON. ROSLYNN R. MAUSKOPF
UNITED STATES DISTRICT JUDGE

4